FORM FOR USE IN APPLICATIONS

FOR HABEAS CORPUS UNDER 28 U.S.C. SECTION 2241

# FILED

**AUG 3 1 2005**

## _Edward Dotson_

NAME

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## _198-252_

PRISON NUMBER

## _C.C.A./C.T.F.    1901 E St. SE Wash, D.C._

PLACE OF CONFINEMENT

CASE NUMBER  1:05CV01747

JUDGE: Emmet G. Sullivan

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 8/31/2005

CASE NO. _____ (to be su

## _Edward Dotson_ _____, PETITIONER

(Full name--include name under which you were convicted)

v.

## _United States Parole_ Commission, RESPONDENT

(Name of Warden, Superintendent, Jailor, or authorized
person having custody of petitioner)

   (If the petitioner wishes to attack a federal judgment under which a
sentence was imposed he should file a motion under 28 U.S.C. Section 2255,
in the federal court which entered the judgment).

PETITION FOR WRIT OF HABEAS CORPUS UNDER SECTION 2241 BY A PERSON IN
FEDERAL CUSTODY

INSTRUCTIONS--READ CAREFULLY

1.   This petition must be legibly handwritten or typewritten, signed by the
     petitioner and subscribed to under penalty of perjury. Any false statement of a material fact may serve as the basis
     for prosecution and conviction for perjury. All questions must be
     answered concisely in the proper space on the form. Where more room is
     needed to answer any question use reverse side of sheet

2. Additional pages are not permitted. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

3. Upon receipt of a fee of $5.00 your petition will be filed if it is in proper order.

4. If you do not have the necessary filing fee, you may request permission to proceed in forma pauperis, in which event you must execute the affidavit on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your prison account exceeds $150.00, you must pay the filing fee as required by the rule of the district court.

5. Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

6. Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

7. When the petition is fully completed, the original and two copies must be mailed to the Clerk of the United States District Court whose address is:

8. Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

## PETITION

1. Name and location of court which entered the judgment of conviction under which you are presently confined: _____

    D.C. Superior Court

2. Date of judgment of conviction _June 24 1982_

3. Length of sentence _8 to 24 Years_ Sentencing judge _Robert Shuker_

4. Nature of offense or offenses for which you were convicted: _____

    Armed Robbery and Robbery

RECEIVED

AUG 2 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

- Two -

5. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ( ) No ( )

6. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes ( ) No (X)

(a) If so, give name and location of court which imposed sentence to be served in the future: _____ N/A _____

_____ N/A _____

(b) And give date and length of sentence to be served in future: _____

N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes ( ) No (X)

7. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground.

A. Ground one: _____

Supporting FACTS (tell your story briefly without citing cases or law): _____

_____

_____

_____

See attached

B.   Ground two: _____

Supporting FACTS (tell your story briefly without citing cases
or law): _____

_____

_____

_____

_____

_____

See attached

_____

_____

_____

_____

_____

_____

_____

_____

C.   Ground three: _____

Supporting FACTS (tell your story briefly without citing cases
or law): _____

_____

_____

_____

See attached

_____

_____

_____

_____

_____

_____

_____

U.S. DISTRICT COURT
NANCY MAYER WHITTINGTON, CLERK

AUG 2 3 2005

RECEIVED

- Four -

### Writ of Habeas Corpus Under
### 28USC,2241-2254.and the all Writ Act.
### U.S. Federal Court. District of Columbia.


Name: Edward Dotson

DCDC: 198-252/BOP#06475-016                    Docket No#_____

Address: 1901 D Street S.E.                    Civil No#_____

         Washington, D.C. 20003


### VS


U.S. Parole Comm / D.C. Dept of corr.et.al

Respondents


### Concerning Cause Note#. Civil Claim:
### 28 USC. 2241-2254-2255 et.al


### <u>Petition</u>


1) Petitioner Petition under the first (1), fifth (5), and nine(9), amend to the

Federal Constitution for the United States of America; and art. 1;section # 8.

cl 18 and section # 9. cl 2 -3, the writ and ex post facto clause should not be **05 1747**

diminished and art 4;section # 1-4 . protection against invasion & to redress

**FILED**

AUG 3 1 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

grievances & the right to life, liberty & the pursuit of happiness nor shall be compelled in any criminal case or put in jeopardy twice.

2) 28 USC. 1392 & the pass legislation; this matter comes under the jurisdiction of 28 USC. 1392; 28 USC. 2241 - 2255. all Writ's Act, and as grounds & the first (1) amend to redress also see: U.S.S.C. in <u>Mayle vs. Felix</u> number 04 -563 & <u>Bradshaw vs. Stumpt</u> number 04 - 637. & in <u>Morrissey vs. Brewer</u> 408 U.S. 471,481 (1972) D.C. parole / U.S. parole guidelines are subject to ex post facto, double jeopardy & enhancement violations. const. art 1; sect # 3. cl 10. the statute create a risk & in crease's punishment under the eight (8) cruel & unusual punishment inflicted.

3) ~~NO person shall be subject for the same offense to be twice put in jeopardy of life or limb.~~ this applies to prison sentences as well as prosecution. see: <u>Jeffers vs. U.S.</u> 432 - U.S. 137,155 (1977) & the (14) amend due process clause extends the double jeopardy clause protection. & D.C.C# 23-110(b).

## <u>Partie's to the Claims:</u>

1) Petitioner alleges, that the D.C. Board of Parole Violated his constitutional rights protected by: 1st, 4th, 5th, 9th, 10th, 13th, 14th, amend & the D.C. Dep't of corrections, U.S.P. comm, & U.S. Attorney General as carekeeper

& custody holder Warden; these are the authorized person's having custody of & over petitioner since the Violations stated in.

2) This claim can come under D.C.C # 16 - 1901. Superior Court special proceeding or 28 USC 2241- 2255. Federal Court.

3) Petitioner seek permission from this court to proceed in forma pauperis & affidavit of execution of funds submitted from the (DC Jail Finance office).

4) Petitioner alleges, judgments entered by the D.C. Superior Court in 1982 is hereby challenged by virtue of the ( Judgment of Commitment order)in F-4867-81. & F-11605-93. & grounds for relief & facts of claims against the parties & the judgment of convictions/D.C. Board of parole/D.C. Dep't of Corrections/ & U.S. Parole Comm.et al;

5) Petitioner was convicted in F-4867-819 F-11605-93 back in 1982 & 1993 convictions of **Arm Robbery, Distribution of heroin.** & was sentence in F-4867-81 to 7to21years on <u>6-24-82</u> dated in 1982, & 30to90 months in case F-11605-93 on <u>7-13-94</u> dated in 1992. out of the D.C. Superior Court & is presently confined under a (D.C.P.V. or U.S.P.V.) since 2-28-05.

6) Petitioner alleges,that his 1981conviction/ sentence of 7to21years out of the D.C. Superior Court has expired since April 2005. He is being held against His liberty interest by the parties herein at bar.

**A)** Dated of conviction: <u>6-24-82</u>

**B)** Dated of sentences: <u>6-24-82</u>

**C)** Length of sentences: <u>7to21years & 30to90months</u>
<u>concurrently</u>

**D)** Sentencing Judge name: <u>Robber A. Shuker</u>

**E)** Offense charges <u>Arm-Robbery,& Distribution</u>
<u>of Heroin</u>

**F)** Was you sentence on count (A)- (B) in F 4867-81.
yes____X____ no_____.

**G)** A future sentence to serve after completing the
sentence under attack; not yet.

7) Petitioner alleges, he has a open case in the D.C. Superior Court in F-

1767-05, pending disposition.

**A)** There will be <u>no</u> attack on future sentence or judgment.

**B)** The grounds & claims of petitioner attacking the judgment /

sentence by which he is being held unlawfully by virtue of the respondents.

see: attached

EDWARD DOTSON
Petitioner

vs

U.S.Parole Comm.el.al
District of Columbia
Respondents

1) al; Petitioner for a petition of writ of habeas corpus and to redress grievances pro seipursuant to const. violations, common law violations, commerical violations, liberty interests claims.et.al;

2) The U.S. parole command respondents are utilizing statues & sentence provisions that did not exist when petitioner was sentence and convicted back in 1981and1993.

3) petitioner was convicted / sentence on **armed robbery** charge in 1981 and the charge of **Distribution of Heroin**, 1993 in case number F-4867-81 and F-11605-93; custody of the D.C. Dep't of Corrections and agency of the D.C. Parole Board.

4) Petitioner took responsibility and was given 48 months to 252 months of imprisonment.

5) On or about 6-21-93, 1993. Petitioner was first paroled to community supervision after 120 months; note # (36) months over the (84) months minimum.

6) Petitioner alleges, the judgment and committment order imposed a sentence of 7 to 12 years concurrently with any other sentence which gave petitioner a set release date in 2005, the sentence expired in a accordingly with the courts  judgment and committment order dated 6-24-82 1982.

7) Petitioner alleges, the D.C. Dep't of corrections under the April 11,1987 good time credit act awarded petitioner with an accumulation of 1440 days per-year on the maximum of his 1981 conviction/sentence of arm robbery which equal to a total of: 302.40 days which should not be diminished by the respondents and full faith and credit given. const.art.4: sect#1 and D.C.C.#24-428;429;et.al;

8) Petitioner alleges, the 302.40 on the maximum sentence in F-4867-81. or 84months good time credit under the act of 1987 April 11th. which is (7th) years taken off the 7to21 year equal (14st) years of imprisonment for petitioner and it is given petitioner a set maximum release date in 1996. Petittioner challenges this April 11, 1987 Act. His claim for relief herein .

9) Petitioner alleges, also. His (D.C. Dep't of Corr.) face sheet of 1982 as prove and petitioner challenges his, Institutional good time credit act of 1987. April 11th, as grounds for relief.

10) Petitioner alleges, the statute requires under the act which was mandate to receive (10) days for every (30) days served in custody by petitioner and the institutional good days.

11) Petitioner alleges, in 1993, the D.C. Board of parole brought petitioner back into custody on parole violation and a new criminal behavior which petitioner was sentence on the new offense to 30 to 90 months to run

concurrently with his D.C. parole and was set off for (24) months by the D.C.

Board of parole in 1993.

12) Petitioner alleges.1999. the D.C. Board of parole issue a violation warrent

to return petition into custody  on violations of conditions of release,

noncomplies and petitioner was given a (24) months set off and  was reparole

in 2001.

13) Petitioner alleges, in March 2005, He was arrested on a new criminal

charge of distribution in F-1767-05 and a U.S. Parole Comm.warrant. and

since then, there has been no (dispostion) in even matters of the new offense

or U.S. Parole warrant still pending dispostion out come.

<u>Arguements  of Claims:</u>

1) Petitioner alleges. since the 1993. D.C. parole violation of (24) months was

ordered to serve before reparoled from custody and the 240 days accumulated

good days.

2) Petitioner alleges, since the 1999. D.C. parole violation of (24) months was

ordered  to serve  before reparoled from custody and  the 240 days

accumulated good days.

3) Petitioner alleges, since the U.S. parole comm. brought him into custody and ordered altogether (48) months to serve and 480 days accumulated institutional good days was served in custody physically.

4) Petitioner alleges, since DC Board of Parole lost jurisdiction over the parole system, the U.S. Parole Comm. replaced the DC Board of Parole.

5) Petitioner alleges, the U.S. Parole Comm. is neglecting to apply the DC Board of Parole's <u>provisions</u> or <u>statue</u> that D.C. prisoners wre sentenced under which of opinion is unconstitutional and violations of petitioners due process rights.

6) Petitioner alleges, the DC Board of Parole made incompetent decisions that were not in existence when the petitioner was parole to DC Board of Parole.

7) Petitioner alleges, the law and sentence guidelines institutional good time statues applies to the District of Columbia sentence, if sentence was imposed before June,1998.

8) Petitioner alleges, the DC Board of Parole and U.S. Parole Comm. deprived petitioner of a fair and speedy hearing by not having a (institutional Board Penal) that is authorized to withhold, for feit or give notice there to of forfeiting petitioner's good time credit which the statute states the 1987 Act of good time credit should not be diminished.

9) Petitioner alleges, the US Parole comm is (depriving ) petitioner of his liberty interests and the sentence has expired since March, 2005. On the 7 to 21 years with or without the good time credit or other credits earned towards the sentence. This court should examine the facts, claims, and merits and terminate this <u>illegal custody hold</u> the U.S. Parole Comm have on the petitioner's liberty causing double jeopardy violation. ex post facto violation, enhancement violation, commerical violations.

10) Petitioner alleges, he has served the (21) years in physical custody and the judgment of committment order is in violations of the laws of the United States, statutes, provisions, double jeopardy, ex post facto, enhancement et. al; the discrepancy in the statute, provisions, and committment order in F-4867-81(A) (B).

11) Petitioner alleges, he has served his term of imprisonment of (21) years with the rate of credit of the 1987 good time credit act.et.al; physical custody... the D.C. Board of Parole has lost jurisdiction over the Parole system and the Bureau of prison are miscomputing the committment orther and have my discharge date10/09/08, and this order need to be amend. see: PSI-report.

12) Petitioner alleges, his institutional good time statue. D.C.C.# 24-428. institutional good time. Every person who is convicted of a violation of a

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

AUG 2 3 2005

RECEIVED

D.C. criminal law crime by the D.C. court, imprisoned in a District correctional facility and conformity with all applicable institutional rules is entitled to institutional good time credits in accordance with the provisions and commence on the first day of committment to the custody of the Dep't of Corrections.

24-428, Institutional good time:

A) 5& 6, ten days for each month, if the sentence is (10) years or more.

B) Good time credit authorized by the provisions.

C) Good time credit applies to the minimum and maximum terms of imprisonment.

24-429. educational good time credit under 24-429 (April 11, 1987. D.C. law 6-218, 2, 34 DCR484). see: legislative history of law # 6-218. and assigned Bill no#6-505 and act no# 6-253 and transmitted to both house of congress for it's review. see: Mayor's order 87-123, May27, 1987. 24-427. discharge and release payments of the sum of money of $100.00 dollars. (1973ed. 24-427; October 26,1973, 87stat.506,pub.l.93-140,12). 24-428. Institutional good time repealed. Aug 20, 1994 D.C. law 10-151, 802, 41 DCR4286; legislative history of law # 10-151.see: note to 24-429.1

24-429.Educational good time by successfully completing an academic or vocational program which is (3) days a month or not more than (5) days a

month and authorized by the provisions (April 11, 1987, D.C. law #6-218,3,34 DCR 484). 24-429.1 Meritorious good time credit. (April 11, 1987, D.C. law 6-218,3a, as added Aug20,1994, D.C. law 10-151, 802 (b), 41 DCR 2608). These acts that was passed reduce inmates sentences. 24-430 Administration of good time credits:

(A)
1. The Mayor awarded educational good time credits.

2. The Mayor shall promulgate proposed rules for granting withholding, forfeiting,cancelling, and restoring education good time credits.

3. The proposed rules shall be submitted to the council of the District of Columbia (council) for a 45-day period of review, excluding Saturdays, Sundays, legal hoildays and recess.

Constitutional Art. 1V; section #  1. full faith and credit shall be given, Art 6; section #2 ....Ali V. D.C. App. D.C., 612 A. 2d 228 (1992). Credits against aggregate federal sentence - grants petitioner credit for street time, for time served on his parole from a D.C. sentence against aggregate federal sentence. 24-432. Forfeited of credits and farthful performance of duties may be forfeited, withhold, and restored by the (Director) in accordance with rules promulgated by the Mayor puruant to 24-430. After a hearing which shall be conducted in accordance with the rules (April 11, 1987, D.C. law 6-218, 6,34 DCR484. 24-433. Reporting requirement should inform inmates of all

awards, forfeitures and restorations of good time credits, and shall inform the

board of parole of all persons who are expected to becomes mandatory.

(April 11, 1987, D.C. law 6-218,7,34 DCR 484).

13). Petitioner alleges, D.C.C.# 24-428-429 et.al; should not be diminished

and there was never an Institutional Appeal Board or Committee a pointed by

the Mayor during that period, to withholdor forfeite under 24-432,433.

The provisions of 28-601, institutional good time credit, general

provisions:

601.1: The rates set forth in 2 of D.C. law # 6-218. D.C. Code#
24-428-429 (1987). Petitioner sentence expired in 1997
with the rate set forth in.

601.2: Petitioner was convicted in the District of Columbia.

601.3: The total credit awarded in lump sun's on the maximum /
minimum sentences when initially compututed.

601.6: Petitioner street time or time spent on parole as a result of
the offense for which the sentence was imposed, should
not be (diminished) and shall be credited toward service
of the maximum sentence.

601.7: Petitioner revocation of parole shell not be diminished or
result in a loss of credit or for the time spent on parole
toward service of the sentence of the (21) years on which
parole was granted.

The history of rules since last compilation by Agency May 1987;CDCR# 28-

601 chapter # 5&6. section # 505.2 (a) and 516 institutional and educational

good time credits. 35DCR 1077, 2/19/88(c). This petition bring on a (tort

Claim). common law claim, federal tort claim and jurisdiction under 28USC.

1331, 1392 and 28 USC 2241-2255,all writs act. The first (1) amend redress

of grievances and const. 1: section # 9. cl 2; 28USC 2241-2255. Is identified

as one or one of the same remedies and the writ of Habeas Corpus shall not

be suspended, but in capital cases or punishments; petitioner is not a (capital

Petitioner). see: supreme court rule in: Mayle V. Felix, no# 04-563. and

Bradshaw V. Stumpt, no#04-637. under what conditions must a guilty plea be

considered volunary and the elements use by respondents to: double counting

unfavable factor's double jeopardy, ex post facto, enhancement and cruel and

unusaul punishment the central.

Petitioner now argues various constitutionality and violations and provisions,

statutes, laws. 4th, 5th, 6th, 8th, 9th, and 13th, 14th, amend and petitioner

now asserts that the respondents is in (Breach) of the agreements between

D.C. Board of parole, D.C. Dep't of corrections and U.S. Parole Comm.and

violated petitioner's due process rights and  equal protection clause.

Conclusions:

May,1987. CDCR#28-601 chapter# 5&6 section#505.2 (a) and

516;35DCR1077, 2/19/88(c) and D.C.code#24-428 (a) - (b) - (c); 24-429;

24-430 (a) (1) - (3) and 24-432;24-433. Ceptification of Services:

Case 1:05-cr-00XXX-EGS   Document 1   Filed 08/31/2006   Page 18 of 30

**Superior Court of the District of Columbia**

CRIMINAL DIVISION

JUDGMENT AND COMMITMENT ORDER

UNITED STATES OF AMERICA

vs

Edward Datson, Jr.

Case Number F-4 266-81 C

PDID Number 336-541

WHEREAS the above named defendant having entered a plea of ☐ Not Guilty  ☒ Guilty

to the charge(s) of _____ e.g. Armed Robbery _____

and having been found guilty by ☐ Jury  ☒ the Court

and a pre-sentence investigation and report having been ☒ prepared and considered ☐ not requested

IT IS HEREBY ADJUDGED that the defendant has been convicted of and is guilty of the offense(s) charged.

The defendant having been given an opportunity to make a statement in his own behalf, and the government having had the opportunity to reply thereto, it is hereby

ORDERED that the defendant be committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

N/Le Seven (7) Years And n/Le Twenty One (21) Years

To run Consecutive To the OTHER Sentences

IT IS FURTHER ORDERED that the Clerk or his Deputy deliver a true copy of this order to the United States Marshal and that the copy shall serve as the commitment of the defendant.

6-24-05
Date

A TRUE COPY
TEST MAY 06 2005

_____
Judge

A TRUE COPY OF THIS ORDER DELIVERED TO THE U.S. MARSHAL OR HIS DEPUTY.

6-24-05
Date

By: _____
Deputy Clerk

Clerk, Superior Court of the District of Columbia

_____
Deputy Clerk

MARY MARGARET WALKER WASHINGTON, CLERK
D.C. SUPERIOR COURT

Form CD(18)-Misc./Nov. 80
Previous editions (CD-50) may be used

White — Court Jacket
Canary — Jail

Pink — Prosecutor
Goldenrod — Defense Counsel

AUG 2 3 2005

N 511

# Superior Court of the District of Columbia

## CRIMINAL DIVISION

### JUDGMENT AND COMMITMENT ORDER

UNITED STATES OF AMERICA

vs

Case Number: F-4647-81 B

_Edward Dotson Jr._

PDID Number: 316-513

WHEREAS the above-named defendant having entered a plea of ☒ Not Guilty ☐ Guilty

to the charge(s) of _(1) Robbery_

and having been found guilty by ☐ Jury ☒ the Court

and a pre-sentence investigation and report having been ☒ prepared and considered ☐ not requested

IT IS HEREBY ADJUDGED that the defendant has been convicted of and is guilty of the offense(s) charged.

The defendant having been given an opportunity to make a statement in his own behalf, and the government having had the opportunity to reply thereto, it is hereby:

ORDERED that the defendant be committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

_Not to Five (5) Years nor Month Fifteen (15) Years, To be Concurrent W/ any other sentence_

IT IS FURTHER ORDERED that the Clerk or his Deputy deliver a true copy of this order to the United States Marshal and that the copy shall serve as the commitment of the defendant.

_6-24-81_
Date

_____
Judge

A TRUE COPY.

A TRUE COPY OF THIS ORDER DELIVERED TO THE U.S. MARSHAL OR HIS DEPUTY:

_6-24_
Date

Clerk, Superior Court of the District of Columbia

By _____
Deputy Clerk

_____
Deputy Clerk

Form CD(18)-1025/Nov. 80
Previous editions (CD-46) may be used.

White — Court    Pink — Prosecutor
Canary — Jail    Goldenrod — Defense Counsel

§ 2241.        Power to grant writ

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

(b) The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.

(c) The writ of habeas corpus shall not extend to a prisoner unless—
    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
    (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
    (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
    (5) It is necessary to bring him into court to testify or for trial.

(d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

(June 25, 1948, ch 646, § 1, 62 Stat. 964; May 24, 1949, ch 139, § 112, 63 Stat. 105; Sept. 19, 1966, P. L. 89-590, 80 Stat. 811.)

© 2003 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved.

Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

§ 2254.        State custody; remedies in Federal courts

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B) (i) there is an absence of available State corrective process; or
        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e) (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
    (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
    (A) the claim relies on--
        (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
        (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
    (B) the facts underlying the claim would be sufficient to establish by clear and convincing

© 2003 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved.

Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(f) If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination. If the applicant, because of indigency or other reason is unable to produce such part of the record, then the State shall produce such part of the record and the Federal court shall direct the State to do so by order directed to an appropriate State official. If the State cannot provide such pertinent part of the record, then the court shall determine under the existing facts and circumstances what weight shall be given to the State court's factual determination.

(g) A copy of the official records of the State court, duly certified by the clerk of such court to be a true and correct copy of a finding, judicial opinion, or other reliable written indicia showing such a factual determination by the State court shall be admissible in the Federal court proceeding.

(h) Except as provided in section 408 of the Controlled Substance Acts [21 USCS § 848], in all proceedings brought under this section, and any subsequent proceedings on review, the court may appoint counsel for an applicant who is or becomes financially unable to afford counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority. Appointment of counsel under this section shall be governed by section 3006A of title 18.

(i) The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.

(June 25, 1948, ch 646, § 1, 62 Stat. 967; Nov. 2, 1966, P. L. 89-711, § 2, 80 Stat. 1105; April 24, 1996, P. L. 104-132, Title I, § 104, 110 Stat. 1218.)

© 2003 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved.

Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

§ 2255.        Federal custody; remedies on motion attacking sentence

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

An appeal may be taken to the court of appeals from the order entered on the motion as from the final judgment on application for a writ of habeas corpus.

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Except as provided in section 408 of the Controlled Substances Act [21 USCS § 848], in all

© 2003 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved.

Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement. ·

proceedings brought under this section, and any subsequent proceedings on review, the court may appoint counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority. Appointment of counsel under this section shall be governed by section 3006A of title 18.

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

(June 25, 1948, ch 646, § 1, 62 Stat. 967; May 24, 1949, ch 139, § 114, 63 Stat. 105; April 24, 1996, P. L. 104-132, Title I, § 105, 110 Stat. 1220.)

© 2003 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved.

Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

§ 1983.        Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

(R. S. § 1979; Dec. 29, 1979, P. L. 96-170, § 1, 93 Stat. 1284; Oct. 19, 1996, P. L. 104-317, Title III, § 309(c), 110 Stat. 3853.)

© 2003 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved.

Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

### § 24-428. Institutional good time

Repealed. Aug. 20, 1994, D.C. Law 10-151, § 802, 41 DCR 2608.
**Case References.**

### § 24-429. Educational good time.

(a)  Every person whose conduct complies with institutional rules and who demonstrates a desire for self-improvement by successfully completing an academic or vocational program, including special education and Graduate Equivalency Diploma programs, shall earn educational good time credits of no less than 3 days a month and not more than 5 days a month. These credits shall not be awarded until completion of the academic or vocational program.

(b)  Educational good time credits authorized by the provisions of this section shall be applied to the person's minimum term of imprisonment to determine the date of eligibility for release on parole and to the person's maximum term of imprisonment to determine the date when release on parole becomes mandatory.

(Apr. 11, 1987, D.C. Law 6-218, § 3, 34 DCR 484.)

**Cited in**  Stevens v. Quick, App. D.C. 678 A.2d 28 (1996).
**Case References.**

### § 24-429.1. Meritorious good time credit.

(a)  In the discretion of the Director of the Department of Corrections, a prisoner may be allowed meritorious good time credit for performing exceptionally meritorious service or performing duties of outstanding importance in connection with institutional operations.

(b)  Meritorious good time credits authorized by this section shall be applied to the person's minimum term of imprisonment to determine the date of eligibility for release on parole and to the person's maximum term of imprisonment to determine the date when release on parole becomes mandatory.

(Apr. 11, 1987, D.C. Law 6-218, § 3a, as added Aug. 20, 1994, D.C. Law 10-151, § 802(b), 41 DCR 2608.)
**Case References.**

### § 24-429.2. Limitations.

Educational and meritorious good time credits shall not reduce the minimum sentence of any inmate convicted of a crime of violence as defined by § 22-3201, by more than 15%.

(Apr. 11, 1987, D.C. Law 6-218, § 3b, as added Aug. 20, 1994, D.C. Law 10-151, § 802(c), 41 DCR 2608.)
**Case References.**

### § 24-430. Administration of good time credits.

(c) 2000 Matthew Bender & Company, Inc., one of the LEXIS Publishing™  companies. All rights reserved.

(a) (1)  The Mayor shall administer the award of educational good time credits.

(2)  The Mayor shall promulgate proposed rules for granting, withholding, forfeiting, cancelling, and restoring educational good time credits.

(3)  The proposed rules shall be submitted to the Council of the District of Columbia ("Council") for a 45-day period of review, excluding Saturdays, Sundays, legal holidays, and days of Council recess. If the Council does not approve or disapprove the proposed rules, in whole or in part, by resolution within this 45-day review period, the proposed rules shall be deemed approved.

(b)  The Mayor shall establish an Institutional Appeals Board ("Board") of 5 persons not employed by the Department of Corrections, to review the granting, withholding, forfeiture, cancellation, and restoration of good time credits. The Department shall provide staff support to the board. An inmate shall be entitled to appeal a decision to the board. The board shall review the record of the inmate and any additional materials submitted by the inmate or the Department. The decision of the board shall be final.

(Apr. 11, 1987, D.C. Law 6-218, § 4, 34 DCR 484.)
**Case References.**

### § 24-431. Jail time; parole.

(a)   Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was imposed. When entering the final order in any case, the court shall provide that the person be given credit for the time spent in custody or on parole as a result of the offense for which sentence was imposed.

(b)  When a person has been in custody due to a charge that resulted in a dismissal or acquittal, the time that would have been credited against a sentence for the charge, had the charge not resulted in a dismissal or acquittal, shall be credited against any sentence that is based upon a charge for which a warrant or commitment detainer was placed during the pendency of the custody.

(c)  Any person who is sentenced to a term of confinement in a correctional facility or hospital shall have deducted from the term all time actually spent, pursuant to a court order, by the person in a hospital for examination purposes or treatment prior to trial or pending an appeal.

(Apr. 11, 1987, D.C. Law 6-218, § 5, 34 DCR 484.)

#### CONSTRUCTION WITH OTHER SECTIONS.

The United States Parole Commission did not err in interpreting § 24-206(a) and subsection (a) of this section to mean that time spent on parole before revocation cannot be credited against prisoner's sentence. United States Parole Comm'n v. Noble, App. D.C. 693 A.2d 1084 (1997).

Subsection (a) of this section, which extends credit for street time even upon revocation, does not impliedly repeal § 24-206(a), which provides that the time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced. United States Parole Comm'n v. Noble, App. D.C. 693 A.2d 1084 (1997).

The provisions of the Good Time Credits Act are not irreconcilable with the indeterminate sentences and paroles statute, whereas § 24-206 controls prisoners paroled before April 11, 1987 and this section

(c) 2000 Matthew Bender & Company, Inc., one of the LEXIS Publishing™ companies. All rights reserved.

controls those prisoners paroled after that date. Noble v. United States Parole Comm'n, 887 F. Supp. 11 (D.D.C. 1995).

### CUSTODY.

Where defendant was confined to hospital for treatment in maximum security setting, subsequent to pleading guilty to sexual offenses but prior to sentencing on plea, he was "in custody as a result of the offense" as described in subsection (a), and hence was entitled to receive credit against his sentence for time spent at hospital under a commitment order pursuant to the Sexual Psychopath Act. Shelton v. United States, App. D.C. 721 A.2d 603 (1998).

### HABEUS CORPUS.

Where denying a credit for street time under this section would have stripped the petitioner of credit he would otherwise have received had his sentence not been aggregated to a federal sentence, a petition for habeus corpus was granted. Noble v. United States Parole Comm'n, 887 F. Supp. 11 (D.D.C. 1995).

### PAROLE SUPERVISION.

Since parolee was at all times under supervision of the U.S. Parole Commission, and where the Commission consistently followed § 24-206(a) and did not award credit for street time, parolee had no legitimate expectation of an earlier release date and could properly be denied credit for time spent on parole prior to revocation. Noble v. United States Parole Comm'n, 32 F. Supp. 2d 11 (D.D.C. 1998), aff'd, 194 F.3d 152 (D.C. Cir. 1999).

**Case References.**

### § 24-432. Forfeiture.

The award of good time credits for good behavior and faithful performance of duties may be forfeited, withheld, and restored by the Director, in accordance with rules promulgated by the Mayor pursuant to § 24-430, after a hearing, which shall be conducted in accordance with the rules.

(Apr. 11, 1987, D.C. Law 6-218, § 6, 34 DCR 484.)
**Case References.**

### § 24-433. Reporting requirement.

The Department shall regularly inform inmates of all awards, forfeitures, and restorations of good time credits, and shall inform the Board of Parole of all persons who are expected to become eligible for release on parole within 45 days of their eligibility date, and shall inform the Board of Parole of all persons whose release on parole will become mandatory within 45 days of the date when their release on parole becomes mandatory.

(Apr. 11, 1987, D.C. Law 6-218, § 7, 34 DCR 484.)
**Case References.**

### § 24-434. Exceptions.

Institutional and educational good time credits shall not be applied to the minimum terms of persons sentenced under § 22-3202, § 33-501, § 33-541, § 22-2404 (b), § 22-2903, or § 22-3204 (b).

(c) 2000 Matthew Bender & Company, Inc., one of the LEXIS Publishing™ companies. All rights reserved.

(Apr. 11, 1987, D.C. Law 6-218, § 8, 34 DCR 484; Nov. 2, 1989, D.C. Law 8-52, § 2, 36 DCR 4740; Jan. 30, 1990, D.C. Law 8-57, § 2, 36 DCR 5761; May 8, 1993, D.C. Law 9-270, § 4, 39 DCR 9223; Oct. 2, 1993, D.C. Law 10-26, § 4, 40 DCR 3416.)

**Case References.**

(c) 2000 Matthew Bender & Company, Inc., one of the LEXIS Publishing™ companies. All rights reserved.

Memor: Clerk's office
U.S. Federal Court house
Wash DC., 20001

Sub: Writ 28USC 2241-2255 et. al

Re: D.C. Parole expired since 199?
With institutional/Educational good.
and title 28 USC, CDCR 28-601 publ.
# 6-218.

F.C.: Edward Dotson# 198252
1901. D. st. S.E.,
Wash DC., 20003

Comments:
    This is a writ under 28USC 224?
et. al; and D.C. public law# 6-218; CDC R?
the provisions in 28-601; 601.1 etc. ?
Motion under D.C. Code# 23-110 (3) ?
filed within the D.C. Superior Cou?
May 18, 2005 and the U.S. Parole Comm.
to credit or experate the D.C. Parole
F-4867-81, F-4866-81, F-11605-93. run
concurrently.
    Since the U.S. parole Comm has tate?
D.C. provisions, laws, and incorporated ?
the agency; the respondents is liable ?
the statute, provisions, codes, etc. and ?
was never an institutional board that forte?
the earned credit. SEE: D.C. Code# 24-4?
24-428, 24-429, 24-430, 24-43, 24-4?
433 and Ch# 546, secs. 505.2(A) # 516. in stat?
educational good time credits, 35 DCR 107?12-1?
CDCR 28-601