# EXHIBIT 19

| U.S. DEPARTMENT OF JUSTICE | WARRANT APPLICATION |
|---|---|
| UNITED STATES PAROLE COMMISSION | D.C. Code Offender |

Name .............................. Dotson, Edward

| | |
|---|---|
| Reg. No .......................... 06475-016 | Termination of Supervision......... 12-30-10 |
| DCDC No....................... 198-252 | [If Conviction Offense Before April 11, 1987 And |
| FBI No............................ 709709V3 | Offender Is On Mandatory Release, Termination |
| Birth Date....................... | Date Is 180 Days Prior To Full Term] |
| Race.............................. black | Violation Date............................ 10-29-01 |
| Date ............................. August 7, 2002 | Released .................................. 9-15-01 |

Sentence Length ............ 7 to 21 years
Original Offense ............ Armed Robbery

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**
**Charge No. 1 - Use of Dangerous and Habit Forming Drugs.** On the following dates, the subject submitted urine specimens which tested positive for cocaine: 10-29-01, 11-8-01, 1-31-02, and 2-21-02. This charge is based on the information contained in the violation report dated 8-2-02, from Community Supervision Officer Eugene Randall and the corresponding laboratory report.
**I ADMIT [ ] or DENY [ ] this charge.**

**Charge No. 2 - Failure to Submit to Drug Testing.** On the following dates, the subject failed to submit a urine specimen as instructed: 11-5-01, 11-15-01, and 11-19-01. This charge is based on the information contained in the violation report dated 8-2-02 from Community Supervision Officer Eugene Randall.

Dotson, Edward
Reg. No. 06475-016   DCDC No. 198-252

EXHIBIT
19

I ADMIT [ ] or DENY [ ] this charge.

**Charge No. 3 - Violation of Special Condition (DAPS).** Since 3-2-02, the subject has willfully refused to participate in the Special Drug Aftercare Program/Halfway Back as instructed by his Community Supervision Officer. This charge is based on the information contained in the violation report dated 8-2-02, from Community Supervision Officer Eugene Randall and the discharge summary dated 3-12-02.
I ADMIT [ ] or DENY [ ] this charge.

**Charge No. 4 - Failure to Report Change in Residence.** On 4-18-02, Community Supervision Officer Eugene Randall learned that the subject had moved from his last reported residence. The subject has failed to advise his Community Supervision Officer of his current address and his whereabouts are unknown. This charge is based on the information contained in the violation report dated 8-2-02, from Community Supervision Officer Eugene Randall.
I ADMIT [ ] or DENY [ ] this charge.

**Probable Cause Hearing Is Required**                **Warrant Recommended By:**

Warrant Issued................... **August 7, 2002**         Deborah H. Dudley, Case Analyst
                                                              U.S. Parole Commission

Community Supervision Office Requesting Warrant: **CSOSA, 300 Indiana Avenue**

---

**Dotson, Edward**
**Reg. No. 06475-016   DCDC No. 198-252**