# EXHIBIT 21

## REVOCATION HEARING SUMMARY

| | |
|---|---|
| Name . . . . . . . . . . : DOTSON, Edward | Supervision . . . . . : parole |
| Reg . . . . . . . . . . . . : 06475-016 | Months in Custody : 1 |
| Examiner . . . . . . . : Sam Shoquist | Custody Type . . . : federal |
| Warrant Executed : 8/28/02 | Projected MR Date : 7/3/2009 |
| Preliminary Interview: 8/30/02 | Full Term Date . . : 12/12/2011 |
| Institution . . . . . . : D.C.-Correctional Treatment Facility | Hearing Date . . . . : 10/9/02 |
| 2nd Designation . : | |
| Revoking District : District of Columbia | |
| Hearing Type . . . . : Local | |

---

### I. Counsel And Witnesses:

~
Federal Public Defender
District of Columbia
Special Proceedings Division
633 Indiana Avenue, N.W.
Washington, D.C.  20004


Witnesses Name & Any Explanatory Text Concerning Counsel and/or Witnesses:

Acting CSO Carri Lacy.

### II. Procedural Considerations:


### III. Review of Charges:

Charge No. 1 - Use of Dangerous and Habit Forming Drugs.

On or about the following dates the subject submitted urine specimens which tested positive for cocaine, 10/29, 11/8/01 and 1/31/02.

DOTSON.647   Typist: PAH   Date Typed: October 12, 2002   EXHIBIT 21   Page 1 of 5

The subject admits this charge.

Charge No. 2 - Failure to Submit to Drug Test.

On or about 11/5, 11/15, and 11/19/01, subject failed to submit urine specimens as directed according to information provided by CSO Randall dated 8/2/02.

The subject admits this charge.

Charge No. 3 - Violation of Special Condition (DAPS).

Since on about 3/2/02, the subject has willfully refused to participate in the special Drug Aftercare Program/Halfway Back as directed by CSO Randall as indicated in violation report dated 8/2/02 and discharge summary dated 3/12/02.

Subject admits this charge.

Charge No. 4 - Failure to Report Change in Residence.

On 4/18/02, CSO Randall learned that subject had moved from his last reported residence. The subject failed to advise his CSO of his current address and his whereabouts are unknown. Information provided by CSO Randall dated 8/2/02.

Subject admits this charge.

The subject admits that he reverted to the use of drugs. He states that he has stopped quite a few times in his life. However, he indicates that he has never realized that what he is experiencing is a disease. He indicated that he just recently learned this. He indicates that he has participated in a lot of NA meetings but he has not been honest and didn't realize he had a disease.

Counsel indicated that CSO Randall had advised subject that upon releasing from the detox the subject should go to the Treatment Program. However, for reasons unknown subject was picked up upon completing the Detox Program and did not go directly to the Mickey Leland House for treatment, and relapsed in the interim.

Subject indicates that he would be willing to complete a long term program 6 months or more in order to overcome his addiction. Counsel indicated that subject now has reason for overcoming his addiction as he has a 10 month old child and will return to live with the child and his girlfriend upon release.

With regard to Charge No. 4, the subject indicated that he had no knowledge of there being a different lease name on the property other than his aunt and uncle. He indicated that his aunt had passed away and his uncle was moving from the residence which he assumed had been in his aunt and uncle's name.

Acting CSO Lacy indicated that she had been with CSO Randall when they went out to visit the residence looking for subject. She indicated in response to a question by counsel that she was never made aware that there had been a death and that the occupants were no longer residing at

DOTSON.647    Typist: PAH    Date Typed: October 12, 2002    Page 2 of 5

the residence. She indicated that the rental office did not give them this information.

CSO Lacy indicated that she was substituting for CSO Randall, because of an illness in his family. Counsel did have the opportunity to cross examine CSO Lacy and did ask questions of Ms. Lacy.

**IV. Findings of Fact And Basis:**

The Examiner finds that subject has committed the following violation(s): Charge No. 1 - Use of Dangerous and Habit Forming Drugs.

Basis: Your admission to the examiner.

Charge No. 2 - Failure to Submit to Drug Testing.

Basis: Your admission to the examiner.

Charge No. 3 - Violation of Special Condition (DAPS).

Basis: Your admission to the examiner.

Charge No. 4 - Failure to Report Change in Residence.

Basis: Information provided in violation report dated 8/2/02 from CSO Randall and testimony of CSO Lacy at the Revocation Hearing on 10/9/02.

**No Findings And Supporting Rational:**

None.

**V. Previous Commission Action:**

**VI. Community Resources And Issues:**

**VII. Salient Factor Score:**

    0  - A. Prior Convictions/Adjudications (Adult or Juvenile)
    0  - B. Prior Commitment(s) of More than 30 Days (Adult/ Juvenile)
    2  - C. Age at Current Offense/Prior Commitments
          (5 or more commitments)
    0  - D. Recent Commitment Free Period (Three Years)
    0  - E. Probation/Parole/Confinement/Escape Status Violator
    1  - F. Older Offenders

DOTSON.647    Typist: PAH    Date Typed: October 12, 2002    Page 3 of 5

3  - Total Salient Factor Score

## VIII. Evaluation:

The subject has a significant drug addiction history. As he indicated in the hearing he has quit using drugs numerous times. However, unfortunately, he has on many occasions relapsed into drug use. This has resulted in his incurring new criminal convictions as well as prior drug related violations. He has also used or abused alcohol as evidence by his receiving a DUI which serves a basis for his being revoked by the DC Parole Board in July of 1999.

In reviewing the guidelines with the prisoner the subject was advised that his SFS was a 4 based on a awarding of 3 points under Item-C and 1 point under Item-F. In reviewing the case in preparation of the dictation on this case, it was realized that the Prehearing Review was in error and that subject would have four prior commitments of more than 30 days and the guidelines would be correctly rated as 12-16 months and not 8-12 months as he was told at the hearing.

This examiner believes that because of his having a prior conviction history involving an assaultive offense as well as his now having violated parole on three occasions that he is both a more serious and poorer risk than indicated by the SFS.

For this reason the examiner believes that a decision above the guidelines is warranted and believes that the service of 24 months is appropriate.

In addition, if subject were to volunteer for a long term Comprehensive Drug Treatment Program while in BOP custody, this would give him sufficient time to complete such program. If he were to successfully complete such program the examiner advised him that the date of 24 months could be advanced for superior program achievement. However, the record should be made clear that the reason for going above the guidelines is to sanction him for continued fair to take advantage of drug treatment programs made available to him in the community and for not maintaining contact with his parole officer from the date that he left the residence on or about 4/18/02 with his whereabouts being unknown until his being arrested on the warrant on 8/28/02. Further in aggravation is the fact that his violation behavior commenced almost immediately following his release on parole on 9/15/01 with his first test for cocaine positive occurring on 10/29/01. .

## IX. Recommendation:

Revoke parole. None of the time spent on parole shall be credited. Continue to a presumptive parole after the service of 24 months on 8/28/2004. You shall be subject to the Special Drug Aftercare Condition. You shall participate as instructed by your U.S. Probation Officer in a program (inpatient or outpatient) approved by the U.S. Parole Commission for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment. It is recommended that you complete a Comprehensive Substance Abuse Drug Treatment in the Bureau of Prisons.

The Bureau of Prisons is requested to consider designating you to a BOP Facility that has the Comprehensive Drug Treatment Program.

DOTSON.647    Typist: PAH    Date Typed: October 12, 2002         Page 4 of 5

**X. Reasons:**

Your parole violation behavior has been rated as Category One severity because it involved administrative violations, specifically:
Your new salient factor score is 3. As of your hearing date of 10/9/02, you have been in federal custody for 1 months. Guidelines established by the Commission indicate a customary range of 12-16 months to be served before release. After review of all relevant factors and information presented, a decision above the guidelines appears warranted because.

~~Subsequent statutory interim not required.~~

~~A decision above the guidelines appears warranted because~~ you are a more serious risk than indicated by your SFS in that you have two prior convictions for assaultive offenses including Armed Robbery (June 1981), Robbery (August 1981). Further you are a poorer risk than indicated by the SFS in that this is your third violation of parole with your previously having been revoked in 1994 and 1999. Further upon being released on parole on 9/15/01, you commenced to violate parole almost immediately as evidenced by your submitting a drug test that tested positive for cocaine on 10/29/01

DOTSON.647   Typist: PAH   Date Typed: October 12, 2002   Page 5 of 5