UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EDWARD DOTSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.  05-1747 (EGS) |
| | ) | |
| UNITED STATES PAROLE | ) | |
| COMMISSION, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

ORDER

In response to the Order to Show Cause why the writ of *habeas corpus* should not be issued, respondent asserts that the petition should be summarily denied.  Because the Court's consideration of this response could dispose of the case, petitioner, who is proceeding *pro se*, will be allowed time to file a reply.

In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion.  "That notice… should include an explanation that the failure to respond…may result in the district court granting the motion and dismissing the case."  Id. at 509.  In addition, the Court's local rules state that "[w]ithin 11 days of the date of service or at such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion [or] the court may treat the motion as conceded." Local Civil Rule 7(b).  Accordingly, it is

ORDERED that petitioner shall reply to respondent's answer to the show cause order

2

by **January 9, 2006**. Petitioner's failure to comply within the time provided may result in the Court summarily denying the *habeas corpus* petition and dismissing the case.

SIGNED:   EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

DATE: December 1, 2005